**Denied and Opinion Filed June 16, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-00711-CV
No. 05-15-00713-CV
No. 05-15-00714-CV
No. 05-15-00715-CV

## IN RE ROBERT PAYNE WATSON, Relator

**Original Proceeding from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause Nos. 064200, 065683, 065684, 062770**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Whitehill
Opinion by Justice Evans

Relator filed this petition for writ of mandamus requesting that the Court appoint separate counsel for each of the pending indictments against him because he seeks four independent trials and assigning a single court-appointed attorney would unduly burden the appointed attorney and would adversely affect the preparation of his defense. To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks,* 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). The ministerial duty requirement is satisfied if the relator has "'a *clear* right to the relief sought'—that is to say, 'when the facts and circumstances dictate but one rational decision' under unequivocal, well-settled (*i.e.,* from extant statutory, constitutional, or

case law sources), and clearly controlling legal principles." *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009) (orig. proceeding). Mandamus will not lie to compel the trial court "to rule a certain way" on an issue which involves judicial discretion. *Id.* Thus, it is improper to order a trial court to exercise its judicial (as opposed to its ministerial) function in a particular way unless the law the relator invokes is definite, unambiguous, and unquestionably applies to the indisputable facts of the case. *Id.* Relator has not met this standard. Accordingly, we **DENY** the petition.

/ David Evans/
DAVID EVANS
JUSTICE

150711F.P05